Ruffijí, C. J.
 

 The Court is of opinion that his Honor did perfectly right. The verdict, as first rendered, would have authorized a judgment
 
 de melioribus damnis;
 
 and one against each of'the defendants for the several sums against them would have been enormous
 
 Sabin
 
 v.
 
 Long,
 
 1 Wilson’s Rep. 30,
 
 Hill
 
 v.
 
 Goodchild,
 
 Bur. 2791. If the Judge lmd been in Court, when the jury first came in, he would no doubt, have informed them, as he ought, of those points of la w, so as to let them know, that, for a joint trespass, it was the duty of the jury to assess damages jointly against all the trespassers to the full amount sustained by the plaintiff, lie did no more as the case actually was; and there was no improper alteration of the verdict. The truth is, there was, technically, no verdict, until the jury rendered it in Court on the morning after the trial. It was not a privy verdict, because it was not rendered to the Judge out of Court. But, even if it had been, the jury had the right to reconsider and affirm or disaffirm it in open Court. 3
 
 Comm
 
 377. Much more could they vary from an imperfect verdict like this ; and, especially, to make it formally, what it is evident it was intended substantially to be, and, legally, ought to have been. But, no doubt, the proper view of the matter is, to regard this as a public verdict, not because it was really so, but because the parties agreed, that it should be entered after the adjournment of the Court, as if it had been rendered and entered before the Court adjourned — ■
 
 nunc pro tunc.
 
 Then, the defendants say, the Clerk was made the substitute of the Judge, and, consequently, the
 
 *99
 
 verdict entered before the Clerk cannot be altered. But that is not to be so considered at all. The Clerk was not tobe, and could not be, the substitute of the Judge ; but he was merely Clerk, with the duty of entering the verdict truly, as expressed by the jury. Therefore the fair meaning to be put on the agreement of the parties is, that the verdict, if given while the Court was adjourned, should finally, if it were not so done at first, be so expressed, as to make it a valid verdict and conformable to the substance and legal effect intended by the jury. We should, therefore, have approved, without hesitation, of the amendment in this verdict, if it had been made by the presiding Judge, without consulting the jury. But the change was made by the jurors themselves, under the advice and leave of the Judge, in furtherance of justice, and, as we conceive, there can be no solid objection to it.
 

 Per Curiam.
 

 Judgment affirmed.